**Marc K. Sellers, OSB #79107**
E-mail: msellers@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
Of Attorneys for Plaintiffs

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Hyunjin (Saipan) Corporation, RIFU Apparel Corporation, U.S. CNMI Development, Top Fashion Corporation, Handsome Textiles (Saipan) Corporation, American Pacific Textile, Inc., Michigan, Inc., Marianas Garment Manufacturing, Inc., Neo Fashion, Inc., L&S Apparel (Corporation), Poong In Saipan, Hansae Saipan, Inc., and Hong Kong Entertainment (Overseas) Investment, Ltd.** for themselves and on behalf of their employees who have not filed direct claims against the Defendant,

Plaintiffs,

vs.

**UNITED STATES OF AMERICA**,

Defendant.

No. 08-270 T

**AMENDED COMPLAINT**: for Declaratory Judgment and Refund of Erroneously Paid Social Security Taxes Pursuant to 26 USC §7422; Wrongful Assessment of Social Security Taxes Pursuant to the Tucker Act, 28 USC §1491; Certification of One or More Classes of Employees to be Represented by Plaintiffs

Plaintiffs allege:

**NATURE OF THE ACTION, PARTIES, AND JURISDICTION**

1. This suit is brought against the United States under the laws of the Internal Revenue Code (Title 26 USC) and the Tucker Act (28 USC §1490 et seq.) to recover wrongfully assessed Social Security taxes that were erroneously paid by Plaintiffs to the United States. Each Plaintiff is an employer and manufacturer in the Commonwealth of the Northern Mariana Islands



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

(CNMI) who employed foreign, temporary contract workers in the CNMI during all or part of the period from calendar years 2001 through 2007. Plaintiffs seek (First Claim for Relief) the recovery of Federal Insurance Contribution Act and Medicare payments (collectively "FICA taxes") paid by Plaintiffs (the employer contribution) on the wages of their foreign, temporary contract workers. Plaintiffs also seek (Second Claim for Relief) the recovery of the FICA taxes erroneously deducted from their employees' wages (the employee contribution) and paid to the United States, for the benefit of employees who have not yet and do not hereafter prosecute individual claims for the recovery of such wrongfully paid taxes.

2. Plaintiff Hyunjin (Saipan) Corporation ("Hyunjin") is a CNMI corporation with its principal place of business in the CNMI. Prior to April 17, 2007 Plaintiff Hyunjin filed with the U.S. Department of the Treasury, Internal Revenue Service ("the Service") Claims for Refund of FICA taxes to recover taxes that Hyunjin erroneously paid in calendar years 2004 through 2006. The Service failed to act on the Claims for Refund, and Hyunjin sues (Third Claim for Relief) for those refunds.

3. Plaintiff U.S. CNMI is a CNMI corporation with its principal place of business at AAA-A47 Box 10001, Saipan, MP 96950. Like Hyunjin, prior to April 17, 2007 U.S. CNMI filed with the Service a Claim for Refund of FICA taxes to recover taxes that U.S. CNMI erroneously paid for part of calendar year 2004. The Service has not acted on the Claim for Refund, and U.S. CNMI sues for the refund (Third Claim for Relief).

4. Plaintiff RIFU Apparel Corporation ("RIFU") is a CNMI corporation with its principal place of business at PMB 440 Box 10001, Saipan, MP 96950. Like Hyunjin, prior to April 17, 2007 RIFU filed with the Service a Claim for Refund of FICA taxes to recover taxes that RIFU erroneously paid for part of calendar year 2004. The Service has not acted on the Claim for Refund, and RIFU sues for the refund (Third Claim for Relief).

5. Plaintiff Top Fashion Corporation is a CNMI corporation with its principal place of business at Box 10001 PMB 124, Saipan, MP 96950.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

6. Plaintiff Handsome Textiles (Saipan) Corporation is a CNMI corporation with its principal place of business at Box 10001 PMB 124, Saipan, MP 96950.

7. Plaintiff American Pacific Textiles, Inc. is a CNMI corporation with its principal place of business at P.O. Box 502029, Saipan, MP 96950.

8. Plaintiff Michigan, Inc. is a CNMI Corporation with its principal place of business at P.O. Box 502682, Saipan, MP 96950.

9. Plaintiff Marianas Garment Manufacturing, Inc. is a CNMI Corporation with its principal place of business at P.O. Box 501877, Saipan, MP 96950.

10. Plaintiff Neo Fashion, Inc. is a CNMI Corporation with its principal place of business at c/o Fallon Law Offices, PMB 504 Box 10000, Saipan, MP 96950.

11. Plaintiff Hansae Saipan, Inc. is a CNMI Corporation with its principal place of business at P.O. Box 502029, Saipan, MP 96950.

12. Plaintiff L&S Apparel (Corporation) is a CNMI Corporation with its principal place of business at PMB 271, P.O. Box 10003, Saipan, MP 96950-8903.

13. Plaintiff Poong In Saipan is a CNMI Corporation with its principal place of business at PMB 989, Box 10001, Saipan, MP 96950.

14. Plaintiff Hong Kong Entertainment (Overseas) Investment, Ltd. is a CNMI Corporation with its principal place of business at One Broadway P.O. Box 468, Tinian, MP 96952.

15. As used in this Complaint, “foreign” means not a citizen, resident, or person authorized to work in the United States, and “Employee” or “Employees” means foreign, temporary contract employees lawfully admitted into the CNMI to perform work there.

16. Plaintiffs bring this action individually, for themselves, and on behalf of one or more classes of Plaintiffs’ employees who are citizens of foreign countries who were lawfully admitted as foreign, temporary contract workers into the CNMI and, while working there, were wrongfully assessed and erroneously paid FICA taxes that were withheld from Plaintiffs’ wages



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

and paid to the Defendant. Plaintiffs paid FICA taxes to the Defendant upon wages earned between 2001 and 2007 by foreign, temporary contract workers lawfully admitted into the CNMI.

17. Neither the Plaintiffs nor any of their Employees has a tax payment or reporting obligation to the United States for income or payroll taxes, including FICA taxes.

18. Jurisdiction over Plaintiffs' tax refund claims is conferred by 28 USC §§1331 and 1346(1). Jurisdiction over Plaintiffs' Tucker Act claims is conferred by 28 USC §§ 1331 and 1491(a)(1). Jurisdiction over Plaintiffs' claims insofar as they arise under the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America" (the "Covenant") is conferred by Section 903 of the Covenant, 48 USC § 1801. The United States is subject to suit in this court.

**CLASS ALLEGATIONS**

19. Plaintiffs bring their Tucker Act claims (Second Claim For Relief) for themselves and on behalf of a class (all Employees) or classes (each individual Plaintiff's Employees).

20. The Tucker Act Class includes and is defined as: (A) citizens of a foreign country (other than the US) who were admitted into the CNMI as temporary, foreign contract workers; (B) who, while working in the CNMI during all or any part of calendar years 2001 through 2007, had FICA taxes withheld from their wages and paid to the United States by one or more of the Plaintiff Employers; and (C) who have not individually filed an administrative request for a refund of the withheld FICA taxes with the U.S. Department of Revenue.

21. Plaintiffs, directly and through counsel, have taken reasonable, material steps to advise their employees of their rights to a return of wrongfully assessed or erroneously paid FICA taxes; to notify Employees of the procedures for seeking such return; and to assist Employees to obtain representation for such claims. There is no rational reason that Plaintiffs' Employees would not want and seek a return of these FICA taxes and would not consent to the Plaintiffs' efforts to seek such return on their behalf. Notwithstanding Plaintiffs' continuing



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

efforts, thousands of Employees, most of whom have returned to their home countries, have not yet been contacted and afforded an opportunity to bring individual claims or to join this class.

(*RULE 23(a) Class Characteristics*)

22. All of the prerequisites to a class action are met in this case for the Employee Tucker Act Class:

(a)(1) The putative class is numerous. The Employee Tucker Act class is estimated to exceed 5,000 members. All of the members' claims, ranging from $500 to $5,000, are so small that individual adjudication in federal court against the United States is not cost-effective.

(a)(2) The controlling issue of law — whether foreign, temporary contract workers in the CNMI are subject to FICA taxes — is common to all class members and to the Plaintiffs. A class member's status, employment history, and the fact and amount of payment of FICA taxes are documented, readily confirmable, and already in the possession of the Defendant. None of the class members at any material time had a tax payment or reporting obligation to the Defendant; as a result, a refund of FICA taxes to the class member will have no effect on any other tax owed to the Defendant or any other sum owed by the Defendant to the class member.

(a)(3) The legal basis for the claims of the named Plaintiffs is identical to the claims of the putative class members. The fact bases for all claims alleged here is common to both the named parties and the putative class members.

(a)(4) The named Plaintiffs and their counsel will adequately represent the class members. Plaintiffs' counsel are uniquely situated to represent the class, having first identified the wrongful assessment and erroneous payments and having brought the only known claims on behalf of multiple employers and thousands of putative class members before the Service. Plaintiffs are committed to the return of these funds to their



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

employees, present and former, and to all appropriate steps and conditions to assure repayment to the Employees.

(*RULE 23(b) ALLEGATIONS*)

23. The Employee Tucker Act class(es) are entitled to class certification under FRCP 23(b)(1)(A) and (B), 23(b)(2), and 23(b)(3)(A).

24. Prosecuting separate actions by individual class members will create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the United States. As a practical matter, individual adjudications would be dispositive of the interests of nonparticipating putative class members and would impede and increase the cost to them to protect their interests. The Plaintiffs' and the putative class members' claims for refund, considered individually, are too small to enable Plaintiffs or the members to enforce their rights in U.S. courts.

25. The Defendant has refused to act on grounds that apply generally to both classes. Despite demands by putative class members and the Plaintiffs, the Defendant has refused to refund wrongfully-assessed or erroneously paid FICA taxes, has refused to respond to refund requests, has refused to respond to Plaintiffs' and putative class members' counsel's request for the Defendant's legal position or any basis or authority supporting the illegal assessments, receipt and retention of such FICA taxes, and has used the Defendant's superior economic leverage to defeat the Plaintiffs' and the putative class members' rights. For at least these reasons, class-wide declaratory relief is appropriate.

26. For all practical purposes, all issues of law and fact necessary to determine the Plaintiffs' and the putative class members' entitlement are common to all class members. Damages — the calculation of the amount of wrongfully-assessed or erroneously paid FICA taxes, interest thereon, and the Defendant's responsibility for fees and costs — are readily determined from tax records in the possession of the Defendant and readily available to the



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

putative class member and the FICA Employers. A class action is the only economically viable method for fairly and efficiently adjudicating the controversy.

**FIRST CLAIM FOR RELIEF**

*(Plaintiffs' Tucker Act Claims)*

27. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 18.

28. The relationship of the Defendant and the CNMI is governed by the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("the Covenant"). The Covenant was approved by the United States Congress in P.L. 94-241, 90 Stat. 263 (1976), codified at 48 USC 1801. As amended by P.L. 98-213 prior to the effective date of Article 6 of the Covenant, Covenant sections 606(a) and 606(b) affirmatively exclude foreign, temporary contract workers who were not admitted to the CNMI for any purpose entitling them to permanent residence or citizenship from any benefit or burden under the social security laws of the United States, including the payment or withholding of FICA taxes. This exclusion from both the benefits and the burdens of the U.S. social security laws was confirmed by Presidential Proclamation 5207 in 1984 and by other applicable laws.

29. Plaintiffs, and each of them, employed persons lawfully admitted into the CNMI as foreign, temporary contract workers. The United States wrongfully assessed and compelled payment from Plaintiffs for FICA taxes as a percentage of the wages and paid to Plaintiffs' Employees in one or more of calendar years 2001 through 2007. The assessment, deduction, and payment of these FICA taxes is affirmatively prohibited by Covenant §606(b), as amended by P.L. 98-213.

30. Plaintiffs are entitled to recover, for themselves, the FICA taxes paid to the Defendant on said Plaintiffs' Employees' wages, together with interest thereon at the applicable legal rates, and their attorney's fees, litigation expenses and court costs, as provided by law.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

31. Plaintiffs are further entitled to a judgment and decree declaring that Federal Insurance Contribution Act and Medicare payments are not owed by or properly assessed against the wages of foreign, temporary contract workers who were admitted to the CNMI and performed work there during all or any part of calendar years 2001 through 2007.

**SECOND CLAIM FOR RELIEF**

(The Employee Tucker Act Class Claims)

32. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 26.

33. Class certification of the Employee Tucker Act Class, either as a single class or as separate classes for each Plaintiff's Employees, is appropriate and requested. FICA taxes were wrongfully and erroneously withheld and paid to the Defendant from the wages of Plaintiffs' employees during all or part of the period from 2001 through 2007. The class members are entitled to the repayment of these tax payments, together with interest thereon at the applicable legal rates and the attorneys' fees, litigation expenses, and court costs incurred by or for the benefit of the class members, as provided by law.

**THIRD CLAIM FOR RELIEF**

*(On Behalf of Hyunjin (Saipan) Corporation, U.S. CNMI, and RIFU Apparel Only: Refund of Wrongfully Assessed or Erroneously Paid FICA Taxes)*

34. Plaintiffs Hyunjin, U.S. CNMI, and RIFU re-allege and incorporate by reference the allegations of paragraphs 1, 2, 3, 4, 15-18, 28 and 29.

35. Hyunjin employed foreign, temporary contract workers in the CNMI during at least all or part of calendar tax years 2004, 2005, and 2006 and erroneously and under threat of compulsion paid to the Defendant FICA taxes on the wages paid to said workers. On or before April 17, 2007, Hyunjin filed with the U.S. Department of the Treasury, Internal Revenue Service ("the Service") an administrative claim for the refund of FICA taxes erroneously paid in each of these years.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

36. U.S. CNMI and RIFU employed foreign, temporary contract workers in the CNMI during at least all or part of calendar tax years 2004 and erroneously and under threat of compulsion paid to the Defendant FICA taxes on the wages paid to said workers. On or before April 17, 2007, each of U.S. CNMI and RIFU filed with the U.S. Department of the Treasury, Internal Revenue Service ("the Service") an administrative Claim for Refund of FICA taxes erroneously paid in 2004.

37. The bases and grounds for the Claims for Refund filed by Hyunjin, U.S.CNMI, and RIFU with the Service in 2007 are the same as the grounds for this Claim for Relief.

38. More than six months have elapsed since the filing of said Claims for Refund, and said Claims have neither been allowed nor disallowed by the Service.

39. Hyunjin, U.S. CNMI, and RIFU are authorized to bring this suit pursuant to 26 USC §7422.

40. The assessment and collection by Defendant of FICA taxes from Hyunjin during each of tax years 2004, 2005, and 2006 and from U.S. CNMI and RIFU in 2004, was erroneous and illegal.

41. Hyunjin, U.S. CNMI and RIFU are entitled to recover the FICA taxes wrongfully assessed and paid to the Defendant together with prejudgment interest thereon, attorneys' fees and litigation expenses, and court costs as provided by law.

WHEREFORE, Plaintiffs pray for a judgment, decree and awards as follows:

(a) On the First Claim for Relief, Judgment in favor of each individual Plaintiff in the amount of the FICA taxes paid by said Plaintiff to the Defendant, as the Plaintiff's employer tax contributions, during the period from calendar year 2001 through 2007, together with prejudgment and post-judgment interest thereon, attorneys' fees, litigation expenses, and court costs as provided by law;

(b) Certifying Employee Tucker Act Class to FRCP 23(b)(1) (A), (B) and 23(b)(2);



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

(c) On the Second Claim for Relief, Judgment for each member of the Employee Tucker Act Class in the amount of the FICA taxes withheld from each member's wages and paid to the Defendant during the period from 2001 through 2007, together with prejudgment and post-judgment interest thereon, attorneys' fees, litigation expenses, and court costs as provided by law;

(d) On the Third Claim for Relief, Judgment for Plaintiffs Hyunjin, U.S. CNMI, and RIFU in the amount of the FICA taxes paid by them, as the employer's contribution, to the Defendant upon earnings of foreign temporary contract workers in the CNMI for calendar years 2004 through 2006, together with interest thereon, attorneys fees, litigation expenses, and court costs as provided by law;

(e) Declaring and adjudging that foreign, temporary contract workers lawfully admitted into the CNMI to perform work are not subject to and may not be assessed or have withheld, directly or indirectly FICA taxes on wages earned in the CNMI; and

(f) Awarding such other legal and equitable relief as may be appropriate to compensate the Plaintiffs, the class members or any of them, and assure full and appropriate class relief.

DATED: April 15, 2008

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Marc K. Sellers
Marc K. Sellers, OSB #79107
(503) 222-9981
Fax (503) 796-2900



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981