**Marc K. Sellers, OSB #79107**
E-mail: msellers@schwabe.com
**David W. Axelrod, OSB # 750231**
E-mail: daxelrod@schwabe.com
**Connie C. Kong, OSB # 076784**
E-mail: ckong@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
Of Attorneys for Plaintiffs

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Hyunjin (Saipan) Corporation**

Plaintiff,

vs.

**UNITED STATES OF AMERICA**,

Defendant.

No. 08-270 T
(Judge Nancy B. Firestone)

**SECOND AMENDED COMPLAINT**: for Declaratory Judgment and Refund of Erroneously Paid Social Security Taxes Pursuant to 26 USC §7422

Plaintiffs allege:

**NATURE OF THE ACTION, PARTIES, AND JURISDICTION**

1. Plaintiff Hyunjin (Saipan) Corporation is a corporation of the Commonwealth of the Northern Marianas Islands (CNMI), formerly having a principal place of business on Saipan. Plaintiff's federal employer identification number is 66-0584533.

2. Defendant is the United States of America.

3. This suit is brought against the Defendant under the laws of the Internal Revenue Code (Title 26 USC) to recover wrongfully assessed Social Security and Medicare (FICA) taxes that were erroneously paid by Plaintiff to the United States.

4. Plaintiff is authorized to bring this suit pursuant to 26 USC § 7422.

5. Jurisdiction over Plaintiffs' tax refund claims is conferred by 28 USC § 1346(a)(1).

6. The relationship of the Defendant and the CNMI is governed by the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America" ("the Covenant"). The Covenant was approved by the United States Congress in P.L. 94-241, 90 Stat. 263 (1976), codified at 48 USC 1801.

7. At all relevant times, the CNMI is and was not part of the "United States" under 26 USC § 3121, and Plaintiff is neither required nor permitted to pay FICA taxes on wages earned by Employees to the Defendant. As amended by P.L. 98-213 prior to the effective date of Article 6 of the Covenant, Covenant sections 606(a) and 606(b) affirmatively exclude foreign, temporary contract workers who were not admitted to the CNMI for any purpose entitling them to permanent residence or citizenship from any benefit or burden under the social security laws of the United States, including the payment or withholding of FICA taxes. This exclusion from both the benefits and the burdens of the U.S. social security laws was confirmed by Presidential Proclamation 5207 in 1984 and by other applicable laws.

8. Jurisdiction over Plaintiffs' claims insofar as they arise under the Covenant is conferred by Section 903 of the Covenant, 48 USC § 1801.

9. As used in this Complaint, "foreign" means not a citizen, resident, or person authorized to work in the United States, and "Employee" or "Employees" means foreign, temporary contract employees lawfully admitted into the CNMI to perform work there.

**FIRST CLAIM FOR RELIEF**

10. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 9.

11. Plaintiff employed Employees in the CNMI during at least all or part of calendar tax years 2003, 2004 and 2005 and erroneously paid, by mistake, to the Defendant FICA taxes on the wages paid to said Employees during each of those years.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

12. The Defendant wrongfully assessed and compelled payment from Plaintiffs for FICA taxes as a percentage of the wages and paid to Plaintiff's Employees in each of the years 2003 through 2005. The assessment, deduction, and payment of these FICA taxes is affirmatively prohibited by Covenant §606(b), as amended by P.L. 98-213.

13. On or before April 17, 2007, Plaintiff filed with the U.S. Department of the Treasury, Internal Revenue Service ("the Service") Claims for the refund of FICA taxes erroneously paid in each of the years 2003, 2004 and 2005. On July 27, 2007 Plaintiff amended its Claim for Refund for 2003, to reduce the claimed overpayment for that year from $1,031,069.76 to $331,864, plus interest thereon at statutory rates.

14. Copies of Plaintiff's amended Claim for 2003 and of Plaintiff's Claims for 2004 and 2005 (the "Claims") are appended hereto as Exhibits 1, 2 and 3, respectively.

15. The Claims request the repayment to Plaintiff of overpayments of FICA tax for the following years in the following amounts, together with interest thereon as provided by law.

| | |
|---|---|
| 2003 | $331,864 |
| 2004 | $537,611 |
| 2005 | $528,238 |

16. More than six months have elapsed since the Plaintiff's Claims were filed, and said Claims have been neither allowed nor disallowed by the Internal Revenue Service.

17. As grounds for recovery, Plaintiff incorporates by reference the averments contained in its Claims for Refund, Exhibits 1, 2, and 3 hereto.

18. The assessment, payment and collection of FICA taxes from Plaintiff during 2003, 2004, and 2005 were mistaken, erroneous and illegal.

19. Plaintiff is entitled to recover all FICA taxes paid to the Defendant on said Employees' wages paid during the tax years 2003 through 2005, inclusive, together with interest thereon at the applicable legal rates, and together with their attorney's fees, litigation expenses and court costs, as provided by law.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

20. Plaintiff is further entitled to a judgment and decree declaring that Federal Insurance Contribution Act and Medicare payments are not owed by or properly assessed against the wages of foreign, temporary contract workers who were admitted to the CNMI and performed work there during all or any part of calendar years 2003 through 2005.

21. Plaintiff is the sole owner of its Claims against the Defendant and has made no assignment of said Claims.

WHEREFORE, Plaintiff prays for judgment, decree and award as follows:

(a) Judgment in favor of Plaintiff in the amount of the FICA taxes paid by Plaintiff to the Defendant, as employer tax contributions, during the period from calendar year 2003 through 2005, together with prejudgment and post-judgment interest thereon, attorneys' fees, litigation expenses, and court costs as provided by law;

(b) Declaring and adjudging that foreign, temporary contract workers lawfully admitted into the CNMI to perform work are not subject to and may not be assessed or have withheld, directly or indirectly FICA taxes on wages earned in the CNMI; and

(c) Awarding such other legal and equitable relief as the Court may deem just and proper.

DATED: July 29, 2008

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Marc K. Sellers
Marc K. Sellers, OSB #79107
(503) 222-9981
Fax (503) 796-2900



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

**INDEX OF EXHIBITS**

| | |
|---|---|
| Plaintiff's amended Claim for refund of FICA taxes for 2003, filed with the U.S. Department of the Treasury, Internal Revenue Service | Exhibit 1 |
| Plaintiff's Claim for refund of FICA taxes for 2004, filed with the U.S. Department of the Treasury, Internal Revenue Service | Exhibit 2 |
| Plaintiff's Claims for refund of FICA taxes for 2005, filed with the U.S. Department of the Treasury, Internal Revenue Service | Exhibit 3 |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981