IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-270 T
(Judge Nancy B. Firestone)

HYUNJIN (Saipan) CORPORATION,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

ANSWER

The defendant, the United States, denies each of the allegations in the second amended complaint except those that are expressly admitted below. In further answer to the second amended complaint, the defendant:

1. Admits that the plaintiff's employer identification number is the one set out in paragraph 1 of the second amended complaint, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 1.

2. Admits the allegations in paragraph 2 of the second amended complaint.

3. Denies that FICA taxes were wrongfully assessed and erroneously paid, and avers that paragraph 3 of the second amended complaint otherwise characterizes this action and requires no response.

4. Avers that paragraph 4 of the second amended complaint makes a legal assertion, which requires no response.

5. Avers that this Court has jurisdiction only under 28 U.S.C. § 1491, to the extent jurisdiction exists.

6.-8. Avers that paragraphs 6 through 8 of the second amended complaint make legal arguments and assertions, which require no response.

9. Admits that the second amended complaint uses terms as defined in paragraph 9.

10. Restates and incorporates by reference the responses set out in paragraphs 1 through 9 of this answer.

11. Admits that the plaintiff employed Employees in the CNMI during the years stated, but otherwise denies the allegations in paragraph 11 of the second amended complaint.

12. Denies that it wrongfully assessed and compelled payment of FICA taxes, and avers that paragraph 12 of the second amended complaint otherwise makes legal arguments and assertions, which require no response.

13. Denies that FICA taxes were erroneously paid, and otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the second amended complaint; and avers that the plaintiff filed a document captioned "Amended Claim for Refund and Request for Abatement," which the IRS received on August 8, 2007, and which demands payment of $331,864.

14. Admits that a copy of the plaintiff's amended claim for refund for 2003 is appended to the second amended complaint as Exhibit 1, but otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the second amended complaint because Exhibits 2 and 3 show no proof of mailing.

15. Admits that the plaintiff's refund claim for 2003 demands $331,864; but otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the second amended complaint because Exhibits 2 and 3 show no proof of mailing.

16. Admits the allegations in paragraph 16 of the second amended complaint as to the amended claim for refund filed for 2003; but otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations because Exhibits 2 and 3, show no proof of mailing.

17. Admits that the plaintiff incorporates the averments contained in the exhibits, but denies that they constitute grounds for recovery.

18.-20. Denies the assertions in paragraphs 18 through 20 of the second amended complaint.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the second amended complaint.

NEW MATTER

22. This Court lacks jurisdiction to award the declaratory relief the plaintiff demands.

23. The plaintiff appears to demand repayment of all FICA and Medicare taxes–both the employer's portion (26 U.S.C. § 3111) and the employees' portion (26 U.S.C. § 3101). The plaintiff, however, cannot collect a refund of the employees' portion because:

a. The plaintiff has failed to comply with Treasury Regulation (26 C.F.R.) § 31.6402(a)-2(a)(2)(i), which requires an employer claiming refunds of FICA and Medicare taxes collected from employees to submit with its claim a statement that the

employer has either repaid the taxes to its employees or has secured the written consent of its employees to allowance of the refund or credit; and

b. The plaintiff has filed to comply with Treasury Regulation § 31.6402(a)-2(a)(2)(ii), concerning claims filed for refund of FICA and Medicare taxes collected from employees in a calendar year prior to the year in which the refund is claimed. That regulation requires the employer to submit with its claim a statement that the employer has obtained from each employee a written statement (a) that the employee has not claimed refund or credit of the amount of the overcollection, or if so, that such claim has been rejected; and (b) that the employee will not claim refund or credit of such amount.

WHEREFORE the defendant asks the Court to dismiss the second amended complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445; FAX: (202) 514-9440
Robert.C.Stoddart@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section

s/ G. Robson Stewart

August 12, 2008